Filed 1/3/23 P. v. Springer CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079616 |
| v. | (Super.Ct.No. RIF1302409) |
| ROY GENE SPRINGER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. William S. Lebov, Judge. (Retired judge of the Yolo Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Roy G. Springer, in pro. per., and Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Roy Gene Springer, filed a second form petition for resentencing pursuant to Penal Code former section 1170.95,[1] which the court dismissed. After defense counsel filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth a statement of the case and identifying two potentially arguable issues: (1) whether the court erred in denying defendant's petition; and (2) whether this court should independently review the record under *Wende*.[2]

This court offered defendant the opportunity to file a personal supplemental brief, which he has done.[3] Defendant concedes that a jury found him guilty as the actual killer; however, defendant "stands on his actual innocence." We affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered Penal Code section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

[2] In *People v. Delgadillo* (Dec. 19, 2022, S266305) ___ Cal.5th ___ [2022 Cal. Lexis 7654] (*Delgadillo*), the California Supreme Court recently held that the procedures in *Wende* and *Anders* do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo*, at pp. *10-*11.)

[3] "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, ___ Cal.5th ___ [2022 Cal. Lexis 7654 at p. *21].)

## I. FACTUAL AND PROCEDURAL BACKGROUND[4]

On May 4, 2013, two people saw defendant punching the victim in the head, knocking him down to the ground, and causing his head to slam onto the concrete. While the victim was lying on the ground, defendant kicked him in the head approximately three times. Defendant then took off his shirt, threw it to the ground, and did what appeared to be a victory dance. (*Springer II*, *supra*, E073266.)

As a result of the attack, the victim suffered several impact injuries to his face and head, including a large fracture that went from the left parietal bone, across the top of his skull, to the right side of the frontal bone on the right part of his skull. This caused injury to his brain tissue, swelling in and around the brain, and increased pressure in his head. The victim was unconscious at the scene of the attack. He later slipped into a coma due to the bleeding and pressure in his head, was declared brain dead, and removed from life support. (*Springer II*, *supra*, E073266.)

The People charged defendant by felony information with premeditated murder. (§ 187, subd. (a), count 1.) The People additionally alleged defendant had committed the murder with the intent of inflicting great bodily injury on the victim and causing him to become comatose. (§ 12022.7, subd. (b).) The jury found defendant guilty of second

---

[4] By order filed November 7, 2022, we granted defendant's request that we take judicial notice of our prior unpublished opinions from defendant's appeal from the original judgment (*People v. Springer* (Dec. 15, 2015, E061168) [nonpub. opn.]) and his appeal from the denial of his first, former section 1170.95 petition (*People v. Springer* (Dec. 4, 2019, E073266) [nonpub. opn.] (*Springer II*)). (Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.1115(b).) We take much of our factual and procedural recitation from *Springer II*.

degree murder and found true the great bodily injury enhancement allegation. On May 2, 2014, the court sentenced defendant to imprisonment of 15 years to life. (*Springer II*, *supra*, E073266.)

On May 20, 2019, defendant filed a petition for resentencing pursuant to former section 1170.95, in which he contended he had been convicted of murder pursuant to the felony-murder rule or the natural and probable consequences doctrine. The People filed opposition maintaining that defendant was ineligible for relief because he was the "actual killer." (*Springer II*, *supra*, E073266.)

At the hearing on the petition, the People noted that "defendant in this case was the actual killer. He beat the victim to death." The court inquired whether there was a "[s]ingle participant?" The People responded, "Yes, your Honor." Defense counsel acknowledged the facts were as stated by the People. The court denied the petition. (*Springer II*, *supra*, E073266.)

Defense counsel filed an appeal. We appointed counsel to represent defendant on appeal. Appellate counsel filed a brief under the authority of *Wende* and *Anders*, setting forth a statement of the facts, a statement of the case, and one potentially arguable issue: whether the court erred in denying defendant's petition. This court offered defendant the opportunity to file a personal supplemental brief, which he did not do. After independently reviewing the record for potential error and finding no arguable issues, we affirmed. (*Springer II*, *supra*, E073266.)

On April 6, 2022, defendant filed another former section 1170.95 form petition for resentencing. At the hearing on the petition on August 12, 2022, the People asked that

4

the petition be dismissed.  The People noted that defendant had filed a previous petition, which the court had denied.  The People pointed out that defendant had appealed the denial, appellate counsel had filed a *Wende* brief, and we had affirmed the order denying his petition.

Defense counsel objected "to a dismissal of the second petition."  The court ruled: "I think the *Wende* probably says it all, and based upon that and the other comments, it is dismissed."

## II.  DISCUSSION

Defendant concedes that a jury found him guilty as the actual killer; however, defendant "stands on his actual innocence."  Defendant appears to contend that he made a prima facie showing, such that the court should have held an evidentiary hearing at which the People would have borne the burden of proving beyond a reasonable doubt that defendant was ineligible for relief.  We affirm.

"Senate Bill 1437 [(2017-2018 Reg. Sess.)] significantly limited the scope of the felony-murder rule to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Strong* (2022) 13 Cal.5th 698, 707-708.)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.'  [Citations.]  If the petition and record

5

in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong*, *supra*, 13 Cal.5th at p. 708.)

Here, the record conclusively demonstrated that the jury convicted defendant of murder as the actual killer. (*Springer II*, *supra*, E073266.) Because the jury's verdict establishes defendant's per se ineligibility for relief, he did not, and could not, make the prima facie showing that is a prerequisite to the issuance of an order to show cause and the holding of an evidentiary hearing at which the prosecution would have to prove he was ineligible beyond a reasonable doubt. Moreover, a section 1172.6 petition is not the forum for challenging a jury's verdicts and its underlying findings. Thus, defendant was per se ineligible for section 1172.6 relief.

## III. DISPOSITION

The court's order dismissing the petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

SLOUGH
J.

MENETREZ
J.

6